## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| Willow Street Properties, LLC, | Civil Action No. _____ |
| Plaintiff, | |
| v. | |
| Borough of Wood-Ridge, Borough Council of Wood-Ridge, Neglia Engineering Associates, Michael J. Neglia, and John Does 1-10, | |
| Defendants. | |

## COMPLAINT

Plaintiff Willow Street Properties, LLC ("Willow Street Properties") by way of complaint against the Borough of Wood-Ridge ("Borough"); Borough Council of Wood-Ridge ("Council"); Neglia Engineering Associates ("Neglia Engineering"); Michael J. Neglia, P.E., P.L.S., P.P. ("Neglia"); and John Does 1-10 alleges:

## PARTIES

1.     Willow Street Properties is a New Jersey limited liability company, with a principal place of business at 6 Shawn Court, Wayne, NJ.  It is the owner of Block 229, Lot 5, commonly called 12 Willow Street ("12 Willow Street"), as

recorded by the Bergen County Clerk, in deeds dated August 20, 1990 (at Book 7400, Page 425) and December 21, 2010 (at Book V625, Page 1839).

2.  Borough of Wood-Ridge is a municipality organized under the laws of New Jersey, with its principal place of business at 85 Humbolt Street, Wood-Ridge, New Jersey.

3.  Council of the Borough of Wood-Ridge is the duly elected legislative body for the Borough, with a principal place of business at Humbolt Street, Wood-Ridge, New Jersey.

4.  Neglia Engineering Associates is a New Jersey corporation, with principal place of business at 34 Park Avenue, Lyndhurst, New Jersey. Michael J. Neglia, P.E., P.L.S., P.P., C.P.W.M. is President of Neglia Engineering.

5.  John Does 1-10 were agents and or employees of the Borough, the Council and or Neglia Engineering. As such they were acting within the course of and scope of their employment and agency with knowledge and consent and at the direction of the Borough, the Council and or Neglia Engineering.

## JURISDICTION AND VENUE

6.  The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343 and 1367.

7.  Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2) as the conduct alleged occurred in Wood-Ridge, New Jersey.

## ALLEGATIONS COMMON TO ALL COUNTS

8.     In December 1974, by way of Ordinance 684 the Council vacated the right of way for a tract of land extending at the end of Willow Street at the intersection of Anderson Street ("the Willow Street Extension").

9.     In March 1989, the Council passed Ordinance No. 89-4 which corrected the dimensions of the Willow Street Extension.

10.    In August 1990, the Borough, following approval by the Council, sold the Borough's interest in the Willow Street Extension to Willow Properties for $19,000.

11.    The Deed of Sale dated August 20, 1990 was recorded by the Bergen County Clerk, at Book 7400, Page 425.

12.    Following a merger of Willow Properties from a partnership to a limited liability company, the name of the property owner changed from Willow Properties to Willow Street Properties, LLC. A Confirmatory Deed, dated December 21, 2010, notes the change and was recorded by the Bergen County Clerk in Book V 628 Page 1839.

13.     In approximately September 2020, Willow Street Properties first became aware that, among other things, a portion of the Willow Street Extension (approximately 24 feet by 40 feet) had been paved with asphalt by the Borough. This was apparently intended for use as a rear entrance/exit to the Borough Department of Public Works structure, located on adjoining property owned by the Borough. In addition, vehicles, presumably owned by employees of the Borough, were using the asphalted area for off street parking, as shown in the photograph below. The Borough has also installed underground utilities on the Willow Street Extension serving the Department of Public Works building.



14.     In a letter from counsel for Willow Street Properties to the Borough Administrator, with a copy to the Borough Attorney, the Borough was given notice that it was trespassing and was asked by Willow Street Properties to take steps to restore the property to its original condition.

15.     By way of email dated October 13, 2020, the Borough Administrator wrote to Willow Street Properties: "[W]e were unaware of the street vacation and property transfer in the late 1980's and it did not turn up when we surveyed the property."

16.     Again, in a December 22, 2020, email the Borough Administrator reiterated "[O]ur Borough Engineer [Neglia Engineering] performed a survey, but the street vacation did not turn up."

17.     The Borough then made a request to Willow Street Properties for consideration of an easement for the property that had been paved. The request provided for no payment to Willow Street Properties for an easement.

18.     In a letter dated February 19, 2020, from counsel for Willow Street Properties to the Borough Administrator, the Borough was advised of its "trespass" of 12 Willow Street.  The letter further advised the Borough that as a result of its paving, Willow Street Properties was being denied access to its property.

19.     The February 19 letter continued that Willow Street Properties preferred not to grant an easement or grant other rights to the Borough as there were other options available to the Borough to address alternative access to the DPW facility.

20.    The February 19 letter ended by asking the Borough to remove the asphalted area and to return it to its original condition, *i.e.*, grass.

21.    When there was no response to the February 19 letter, counsel for Willow Street Properties wrote again regarding the Borough's trespass upon 12 Willow Street. Again, Willow Street Properties indicated that it was not interested providing an easement or surrendering the property and sought to learn of the Borough's efforts to restore the property to its original state.

22.    In April 2021, Willow Street Properties again advised the Borough of its trespass on the Willow Street Extension and insisted that the Borough restore the property to its original condition.

23.    Finally, on June 2, 2021, the Borough Administrator responded. He began by "offering both the Borough's and [his] personal apology" for installing the asphalt driveway on the Willow Street Extension. He further stated that the Borough "performed extensive due diligence before beginning work on the driveway."

24.    The Borough Administrator continued: "The Borough Engineer performed a survey prior to the installation of the driveway that did not reveal the prior street vacation and property sale to [Willow Street Properties]."

25.    The June 2 letter further stated: "Nonetheless, after reviewing the documents [Willow Street Properties] provided to the [Borough] and reviewing the

6

minutes of the Council Meetings referenced in those documents, we do not dispute in any way that [Willow Street Properties] is the owner of the property, and that the driveway was built on [its] property."

26. Notwithstanding previous rejection of an easement in favor of the Borough, the Borough Administrator repeated his request for an easement.

27. In September 2021, the Borough Administrator wrote once again asking Willow Street Properties for an easement in favor of the Borough. That request made no offer of payment for the easement.

28. The September request, like all the previous ones, was rejected. When no action had been taken by the Borough to correct the trespass, Willow Street Properties continued to insist that the Borough restore the property to its original condition.

29. Rather than correct what was recognized as an error by the Borough, the Council at its December 15, 2021, meeting passed resolution 146-2021, which in part seeks to acquire by eminent domain "Block 229, Lot 5, 12 Willow Street" which is more than the Willow Street Extension or any portion thereof.

30. The Borough continues to unlawfully use and occupy at least a portion of the Willow Street Extension and has not removed the asphalt area it installed and has not returned the property to its original state.

## COUNT ONE

### Against the Borough and Council
### Violation of 42 U.S.C. § 1983 and U.S. Constitution, Amendment V
### (Unlawful taking)

31.     Willow Street Properties incorporates by reference the allegations contained in paragraphs 1 through 30.

32.     The Borough and Council are persons within the definition of 42 U.S.C. §1983 and are required to act pursuant to the requirements expressed therein.

33.     The Borough and Council at all relevant times constitutes a New Jersey municipality and its officials, employees and agents.  The Borough and the Council, at all relevant times, were acting under color of law.

34.     The Borough and Council knew that Willow Street Properties is the owner of the Willow Street Extension and without notice and compensation to Willow Street Properties they confiscated the Willow Street Extension.  As part of their unlawful exercise of dominion and control over the property, the Borough and Council authorized that a portion of the Willow Street Extension be paved with asphalt; allow for ingress and egress to the Department of Public Works facility; allow for Borough employees to park on the paved section without consent of Willow Street Properties; and installed utilities on that portion without the consent of Willow Street Properties.

35.     Notwithstanding that it expressly acknowledges that the owner of the Willow Street Extension is Willow Street Properties, the Borough continues to unlawfully access and use the Willow Street Extension.

36.     The Borough and Council's actions constitute a *de facto* and or constructive taking pursuant to the Fifth Amendment of United States Constitution.

Wherefore, Willow Street Properties asks the Court to enter judgment in its favor and against the Borough and Council preliminarily and permanently enjoining the Borough and Council from continuing to occupy or use the Willow Street Extension and directing the removal of the asphalt and utilities for the Willow Street Extension; an award of compensatory and punitive damages for the unlawful taking and use of the Willow Street Extension by the Borough and Council to date; for attorney's fees and costs; and other such other relief as the Court deems just and proper.

## COUNT TWO

### Against the Borough and Council
### Violation of N.J.S.A. 10:6-2 and
### N.J. Constitution Article I, Paragraphs 1 and 20
### (Unlawful taking)

37.     Willow Street Properties incorporates by reference the allegations contained in paragraphs 1 through 36.

38.     The Borough and Council are persons within the definition of N.J.S.A. 10:6-2 and are required to act pursuant to the requirements expressed therein.

9

39.     The Borough and Council at all relevant times constitutes a New Jersey municipality and its officials, employees and agents.  The Borough and the Council, at all relevant times, were acting under color of law.

40.     The Borough and Council knew that Willow Street Properties is the owner of the Willow Street Extension and without notice and compensation to Willow Street Properties they confiscated the Willow Street Extension.  As part of their unlawful exercise of dominion and control over the property, the Borough and Council authorized that a portion of the Willow Street Extension be paved with asphalt; allow for the ingress and egress to the Department of Public Works facility; allow for Borough employees to park on the paved section; and installed utilities on that portion without the consent of Willow Street Properties.

41.     Notwithstanding that it expressly acknowledges that the owner of the Willow Street Extension is Willow Street Properties, the Borough continues to access and use the Willow Street Extension without the permission of Willow Street Properties.

42.     The Borough and Council's actions constitute a *de facto* and or constructive taking pursuant to Article I of the New Jersey Constitution.

Wherefore, Willow Street Properties asks the Court to enter judgment in its favor and against the Borough and Council preliminarily and permanently enjoining the

Borough and Council from continuing to occupy or use the Willow Street Extension and directing the removal of the asphalt and utilities from the Willow Street Extension; an award of compensatory and punitive damages for the unlawful use of the Willow Street Extension by the Borough and Council to date; for attorney's fees and costs; and other such other relief as the Court deems just and proper.

**COUNT THREE**

**Against the Borough and Council**
**Violation of 42 U.S.C §1983 and U.S. Constitution Amendment XIV**
**(Due process)**

43.     Willow Street Properties incorporates by reference the allegations contained in paragraphs 1 through 42.

44.     The Borough and Council are persons within the definition of 42 U.S.C. §1983 and are required to act pursuant to the requirements expressed therein.

45.     The Borough and Council at all relevant times constitutes a New Jersey municipality and its officials, employees and agents.  The Borough and Council, at all relevant times, were acting under color of law.

46.     The Borough and Council knew that Willow Street Properties is the owner of the Willow Street Extension and without notice and compensation to Willow Street Properties they confiscated the Willow Street Extension.  As part of their unlawful exercise of dominion and control over the property, the Borough and

Council authorized that a portion of the Willow Street Extension be paved with asphalt; allow for the ingress and egress to the Department of Public Works facility; and allow for Borough employees to park on the paved section and install utilities on the portion without the consent of Willow Street Properties.

47.     Notwithstanding that it expressly acknowledges that the owner of the Willow Street Extension is Willow Street Properties, the Borough continues to unlawfully access and use the Willow Street Extension without consent of Willow Street Properties.

48.     The Borough and the Council's actions constitute a violation of due process pursuant to the Fourteenth Amendment of United States Constitution.

Wherefore, Willow Street Properties asks the Court to enter judgment in its favor and against the Borough and Council preliminarily and permanently enjoining the Borough and Council from continuing to occupy or use the Willow Street Extension and directing the removal of the asphalt and utilities for the Willow Street Extension; an award of compensatory and punitive damages for the unlawful use of the Willow Street Extension by the Borough and Council to date; for attorney's fees and costs; and other such other relief as the Court deems just and proper.

## COUNT FOUR

### Against the Borough and Council
### Violation of N.J.S.A. 10:6-2 New Jersey Constitution Article I, Paragraph 1
### (Due Process)

49.     Willow Street Properties incorporates by reference the allegations contained in paragraphs 1 through 48.

50.     The Borough and Council are persons within the definition of N.J.S.A. 10:6-2 and are required to act pursuant to the requirements expressed therein.

51.     The Borough and Council at all relevant times constitutes a New Jersey municipality and its officials, employees and agents.  The Borough and Council, at all relevant times, were acting under color of law.

52.     The Borough and Council knew that Willow Street Properties is the owner of the Willow Street Extension and without notice and compensation to Willow Street Properties they confiscated the Willow Street Extension.  As part of their unlawful exercise of dominion and control over the property, the Borough and Council authorized that a portion of the Willow Street Extension be paved with asphalt; allow for the ingress and egress to the Department of Public Works facility; allow for Borough employees to park on the paved section; and installed utilities on that portion without the consent of Willow Street Properties.

53.     Notwithstanding that it expressly acknowledges that the owner of the Willow Street Extension is Willow Street Properties, the Borough continues to access and use the Willow Street Extension without permission of Willow Street Properties.

54.     The Borough and Council's actions constitute a violation of due process pursuant to Article I of the New Jersey Constitution.

Wherefore, Willow Street Properties asks the Court to enter judgment in its favor and against the Borough and Council preliminarily and permanently enjoining the Borough and Council from continuing to occupy or use the Willow Street Extension and direct the removal of the asphalt and utilities; an award of compensatory and punitive damages for the unlawful use of the Willow Street Extension by the Borough and Council to date; for attorney's fees and costs; and other such other relief as the Court deems just and proper.

## COUNT FIVE

### Against the Borough and Council
### Violation of 42 U.S.C §1983 and U.S. Constitution Amendment I
### (Retaliation)

55.     Willow Street Properties incorporates by reference the allegations contained in paragraphs 1 through 54.

56.     Willow Street Properties is the lawful owner of the Willow Street Extension. The Borough and Council authorized its Department of Public Works to take possession and pave a portion of the Willow Street Extension.

57.     When Willow Street Properties learned of conduct of the Borough and the Council in September 2020, Willow Street Properties sought to have the Borough cease occupying the property and to restore to the property to its original status.

58.     The Borough and the Council took no action to end its unlawful conduct as requested despite repeated requests from Willow Street Properties.

59.     Instead, the Borough sought from Willow Street Properties an easement with no payment in favor of the Borough.  On multiple occasions, Willow Street Properties rejected the request and insisted that the Borough cease using the Willow Street Extension.

60.     To intimidate Willow Street Properties to accept the easement, the Borough and Council passed a resolution under the power of eminent domain to condemn 12 Willow Street for use by the Borough.

61.     In violation of the First Amendment of the U.S. Constitution, Willow Street Properties has been subject to retaliation by the Borough and the Council for objecting to the Borough's unlawful use of the Willow Street Extension.

Wherefore, Willow Street Properties asks the Court to enter judgment in its favor and against the Borough and Council awarding compensatory and punitive damages for retaliation; for attorney's fees and costs; and other such other relief as the Court deems just and proper.

## COUNT SIX

### Against the Borough and Council
### Violation of New Jersey Constitution Article I, Paragraph 1
### (Retaliation)

62.     Willow Street Properties incorporates by reference the allegations contained in paragraphs 1 through 61.

63.     Willow Street Properties is the lawful owner of the Willow Street Extension. The Borough and Council authorized the Department of Public Works to take possession and cause a portion of the Willow Street Extension to be paved with asphalt.

64.     When Willow Street Properties learned of conduct of the Borough and the Council in September 2020, Willow Street Properties sought to have the Borough cease occupying the property and to restore to the property to its original status.

65.     The Borough has acknowledged that Willow Street Properties is the owner of the Willow Street Extension and stated that the Borough was not aware of the purchase of the Willow Street Extension to Willow Street Properties.

66.     The Borough and the Council took no action to end its unlawful conduct as requested, despite repeated requests from Willow Street Properties.

67.     Instead, the Borough sought from Willow Street Properties an easement with no payment in favor of the Borough.  On multiple occasions, Willow Street Properties rejected the request and insisted that the Borough cease using the Willow Street Extension and restore the property.

68.     To intimidate Willow Street Properties to accept the easement, the Borough and Council passed a resolution under the power of eminent domain to condemn 12 Willow Street for use by the Borough.

69.     In violation of the Article I, Paragraph 1 of the New Jersey Constitution, Willow Street Properties has been and is the subject to retaliation by the Borough and the Council for objecting to the Borough's unlawful use of the Willow Street Extension.

Wherefore, Willow Street Properties asks the Court to enter judgment in its favor and against the Borough and Council awarding compensatory and punitive damages for retaliation; for attorney's fees and costs; and other such other relief as the Court deems just and proper.

## COUNT SEVEN

### Against the Borough
### Ejectment

70.     Willow Street Properties incorporates by reference the allegations contained in paragraphs 1 through 69.

71.      Since at least August 1990, Willow Street Properties has been the owner of the Willow Street Extension.

72.     From at least September 2020 and continuing since that time, the Borough, including its employees and agents, have occupied and used a portion of the Willow Street Extension without permission of Willow Street Properties.

73.     On multiple occasions, Willow Street Properties has advised the Borough that it is not privileged to use the Willow Street Extension and to cease occupying and using the Willow Street Extension.

74.     Notwithstanding those demands, the Borough continues use and occupy the Willow Street Extension without permission.

75.     The occupation and use of the Willow Street Extension by the Borough interferes with the enjoyment by Willow Street Properties of 12 Willow Street.

76.     The Borough should therefore be directed to vacate its occupation of the Willow Street Extension.

Wherefore, Willow Street Properties asks the Court to enter judgment in its favor and against the Borough, ordering the Borough from occupying or using the Willow Street Extension, awarding compensatory and punitive damages; for attorney's fees and costs; and other such other relief as the Court deems just and proper.

## COUNT EIGHT

### Against the Borough
### Trespass

77.     Willow Street Properties incorporates by reference the allegations contained in paragraphs 1 through 76.

78.     Since at least August 1990, Willow Street Properties has been the owner of the Willow Street Extension.

79.     From at least September 2020 and continuing since that time, the Borough, including its employees and agents, have occupied and used a portion of the Willow Street Extension.

80.     On multiple occasions, Willow Street Properties has advised the Borough that it is not privileged to use the Willow Street Extension and to cease occupying and using the Willow Street Extension.

81.     Notwithstanding those demands, the Borough continues use and occupy the Willow Street Extension without permission.

82.     The occupation and use of the Willow Street Extension by the Borough is a trespass and interferes with the enjoyment of Willow Street Properties of 12 Willow Street.

Wherefore, Willow Street Properties asks the Court to enter judgment in its favor and against the Borough, ordering the Borough from occupying or using the Willow Street Extension, awarding compensatory and punitive damages; for attorney's fees and costs; and other such other relief as the Court deems just and proper.

## COUNT NINE

### Against the Borough
### Conversion

83.     Willow Street Properties incorporates by reference the allegations contained in paragraphs 1 through 82.

84.     Since at least August 1990, Willow Street Properties has been the owner of the Willow Street Extension.

85.     Before September 2020, without permission of Willow Street Properties or other authorization, the Borough caused a portion of the Willow Street Extension to be paved with asphalt for use by the Borough.

86.     Since that time, the Borough, including its employees and agents, have occupied and used the paved portion of the Willow Street Extension without permission of Willow Street Properties.

87.     The occupation and use of the Willow Street Extension by the Borough interferes with the enjoyment of Willow Street Properties of 12 Willow Street and is a diminution of the property.

Wherefore, Willow Street Properties asks the Court to enter judgment in its favor and against the Borough, ordering the Borough to cease occupying or using the Willow Street Extension, awarding compensatory and punitive damages; for attorney's fees and costs; and other such other relief as the Court deems just and proper.

## COUNT TEN

### Against Neglia Engineering and Michael Neglia
### Negligence

88.     Willow Street Properties incorporates by reference the allegations contained in paragraphs 1 through 87.

89.     On information and belief, Neglia Engineering is New Jersey company that provides, among other things, engineering and surveying services to municipalities.

90.     On information and belief, Michael Neglia is a licensed professional engineer and land surveyor, and employed by Neglia Engineering who prepared the erroneous survey and site plans for the Borough, inaccurately depicting half of the former Willow Street right-of-way as part of the property owned by the Borough.

91.     Neglia Engineering has been the designated engineer and surveyor for the Borough since at least 1987.

92.     Neglia Engineering has provided engineering and surveying services between 1987 and 2022 to the Borough regarding the Willow Street Extension and a dispute between Willow Properties (the predecessor of Willow Street Properties) and the Borough.

93.     Included in the work performed by Neglia Engineering and Michael Neglia was to prepare a survey of the Borough's Department of Public Works site, including research into the vacation of the right of way which is the Willow Street Extension. At that time, Neglia Engineering prepared a drawing confirming that as a result of the vacation of the right of way one-half of the right way belonged to Willow Street Properties.

94.     In 2015, Neglia Engineering and Michael Neglia prepared a survey of the Borough's DPW site, which survey erroneously depicted the Willow Steet Extension right of way as part of the DPW site owned by the Borough.

95.     In approximately 2017 or 2018, Neglia Engineering and Michael Neglia provided engineering and or surveying services on behalf of the Borough, presumably based on the erroneous 2015 survey, also prepared by Neglia Engineering and Michael Neglia, in connection with construction of a DPW building abutting to the Willow Street Extension and the installation of asphalt on the Willow Street Extension.

96.     As part of its services Neglia Engineering and Michael Neglia either failed to obtain a title search which included the Willow Street Extension and or failed to correctly interpret the title search. If Neglia Engineering had obtained a title search prior to the commencement of work on the Willow Street Extension, it would have confirmed that there was a vacation of the Willow Street Extension and that the Borough's portion had been sold to Willow Street Properties in 1990.

97.     As a direct and proximate cause of the negligence of Neglia Engineering and Michael Neglia, Willow Street Properties has been damaged and forced to bring this action against the Borough and Council to protect the property rights of Willow Street Properties.

Wherefore, Willow Street Properties asks the Court to enter judgment in its favor and against Neglia Engineering and Michael Neglia awarding compensatory and

punitive damages; for attorney's fees and costs; and other such other relief as the Court deems just and proper.

## COUNT ELEVEN

### Against Neglia Engineering and Michael Neglia
### Malpractice

98.     Willow Street Properties incorporates by reference the allegations contained in paragraphs 1 through 97.

99.     Neglia Engineering and Michael Neglia as the engineer and surveyor for the Borough owed a duty to exercise reasonable care in the engineering and surveying for construction of the Borough DPW structure.

100.     Neglia Engineering and Michael Neglia also owed a duty of care to Willow Street Properties to ensure that the Borough did not encroach or interfere with the Willow Street Extension, owned by Willow Street Properties.

101.     As a direct and proximate cause of Neglia Engineering and Michael Neglia's breaches of duty of reasonable care which it owed, which breaches deviated from the standard of care and performance of engineers and surveyors in the respective professions and in the same geographic area as Wood-Ridge, NJ, Willow Street Properties has suffered direct and consequential damages.

Wherefore, Willow Street Properties asks the Court to enter judgment in its favor and against Neglia Engineering and Michael Neglia awarding compensatory and punitive damages; for attorney's fees and costs; and other such other relief as the Court deems just and proper.

## COUNT TWELVE

### Against Neglia Engineering and Michael Neglia
### Declaratory Judgment for Attorney's Fees

102.    Willow Street Properties incorporates by reference the allegations contained in paragraphs 1 through 101.

103.    Neglia Engineering and Michael Neglia were the Borough engineer and surveyor who were responsible for the surveying and design of work performed on behalf of the Borough regarding the Willow Street Extension and Department of Public Works Facility.

104.    The Borough has stated that it was unaware of the street vacation of the Willow Street Extension and property transfer to Willow Street Properties, and it did not turn up in the survey of the property performed by Neglia Engineering and Michael Neglia.

105.    A title search prior to the commencement of work on the Willow Street Extension would have confirmed that there was a vacation of the Willow Street

Extension and that the Borough's portion of vacated right of way had been sold by the Borough to Willow Street Properties in 1990.

106.     Because either no title search or accurate survey was performed, the Borough constructed an asphalt pad and other improvements on a portion of the Willow Street Extension although that property is owned by Willow Street Properties.

107.     As a direct and proximate cause of the conduct of Neglia Engineering and Michael Neglia, Willow Street Properties has been forced to bring an action against the Borough and Council to protect the property rights of Willow Street Properties.

108.     Willow Street Properties has been damaged in the way of unnecessary attorney's fees and is entitled under the New Jersey exception to the American Rule to recover such attorney's fees

Wherefore, Willow Street Properties seeks a declaratory judgment in its favor and against Neglia Engineering and Michael Neglia that Neglia Engineering and Michael Neglia are liable to Willow Street Properties for the reasonable attorney's fees and costs incurred by Willow Street Properties associate with bringing this action and awarding such other relief as the Court deems just and proper.

## JURY DEMAND

Willow Street Properties demands a trial by jury on all issues as permitted by law.

Respectfully submitted,

By:     s/Dennis F. Gleason
            Dennis F. Gleason

JARDIM, MEISNER & SUSSER, P.C.
30B Vreeland Road, Suite 100
Florham Park, New Jersey
 (973) 845-7640

Attorneys for
Willow Street Properties, LLC

April 7, 2022

## STATEMENT PURSUANT TO RULE 11.2

I certify that the matter in controversy here is not the subject of any other

action pending in any other court or of any pending arbitration or administrative

proceeding.


April 7, 2022                                    s/Dennis F. Gleason
                                                Dennis F. Gleason