## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

WILLOW STREET PROPERTIES, LLC,

     Plaintiffs,

v.

BOROUGH OF WOOD-RIDGE, BOROUGH
COUNCIL OF WOOD-RIDGE, NEGLIA
ENGINEERING ASSOCIATES, MICHAEL
NEGLIA AND JOHN DOES 1-10,

     Defendants.

Civil Action No.2:22-CV- 02009-WJM-JRA

Motion Return Date: July 5, 2022

Oral Argument Requested

---

### DEFENDANTS BOROUGH OF WOOD-RIDGE AND
### BOROUGH COUNCIL OF WOOD-RIDGE'S BRIEF IN SUPPORT OF THE
### MOTION TO DISMISS PLAINTIFF'S COMPLAINT

---

ARONSOHN WEINER SALERNO &
KAUFMAN, P.C.
Court Plaza South - East Wing
21 Main Street, Suite 100
Hackensack, New Jersey 07601
P: (201) 487-4747
F: (201) 820-2249
gsalerno@aronsohnweiner.com
Attorneys for Defendants Borough of Wood-
Ridge and Borough Council of Wood-Ridge

On the Brief:
    Gerald R. Salerno, Esq.
    Steven R. Vanderlinden, Esq.

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES……………………………………………………… ii

PRELIMINARY STATEMENT……………………………………………….. 1

STATEMENT OF FACTS…………………………………………………... 2

STANDARD OF REVIEW……………….…………………………………… 3

LEGAL ARGUMENT………………………………………………… 6

    **POINT I:**    **PLAINTIFF'S CLAIMS ARE TIME-BARRED UNDER § 1983 AND SHOULD BE DISMISSED**…………..  6

    **POINT II:**    **THE COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**……………………..  8

        **A.**    **Counts One, Three and Five of the Complaint must be dismissed because the Plaintiff fails to plead facts sufficient to establish its Fifth and Fourteenth Amendment Claim**……………………………………………..  8

        **B.**    **Plaintiff's Claim for Retaliation Should Be Dismissed**………………………………………  14

    **POINT III:**    **PLAINTIFF'S REMAINING CLAIMS DO NOT GIVE RISE TO FEDERAL JURISDICTION**……………..  16

        **A.**    **The Plaintiff fails to plead facts sufficient to establish the remaining common law claims for conversion and ejectment**……………………  16

CONCLUSION………………………………………………………... 19

## **<u>TABLE OF AUTHORITIES</u>**

**<u>Cases:</u>**                                                                                               **<u>Page:</u>**

<u>Agins v. City of Tiburon</u>, 24 Cal.3d 266, 598 P.2d 25, 157
Cal.Raptor. 372 (1979)…………………………………………………………………    18

<u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009)……………………………………………    3, 4

<u>Barco Auto Leasing Corp. v. Holt</u>, 228 N.J. Super. 77, 83, 548 A.2d 1161
(App. Div. 1988)…………………………………………………………………………..    17

<u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007)…………………………………    3, 4, 5

<u>Blessing v. Freestone</u>, 520 U.S. 329, 340 (1997)………………………………………    8

<u>Boccone v. Levinson</u>, No. 04-3871, 2006 U.S. Dist. LEXIS 94475,
*19-20 (D.N.J. Dec. 26, 2006)…………………………………………………………    16

<u>Brown v. Foley</u>, 810 F.2d 55, 56 (3d Cir. 1987)………………………………………    6

<u>Chainey v. Street</u> , 523 F.3d 200, 220 (3d Cir.2008)…………………………………    10

<u>Cito v. Bridgewater Tp. Police Dept.</u>, 892 F.2d 23, 25 (3d Cir. 1989)………………..    6

<u>Commercial Ins. Co. v. Apgar</u>, 111 N.J. Super. 108, 114, 267 A.2d 559
(Law Div. 1970)…………………………………………………………………………    16

<u>County of Sacramento v. Lewis</u>, 523 U.S. 833, 846-47, 118 S.Ct. 1708,
140 L.Ed.2d 1043 (1998)……………………………………………………………...    10

<u>Daniels v. Williams</u>, 474 U.S. 327 (1986)……………………………………………    9

<u>Davis v. Connolly</u>, No. 09-cv-4629 (D.N.J. Feb. 11, 2010)…………………………    17

<u>DB Enterprise</u>………………………………………………………………    10

<u>DiFolco v. MSNBC Cable L.L.C.</u>, 622 F.3d 104, 111 (2d Cir. 2010)…………………    4

<u>Dique v. New Jersey State Police</u>, 603 F.3d 181, 185 (3d Cir. 2010)…………………    1

<u>Eichenlaub</u>, 385 F.3d at 285–86…………………………………………………    10

<u>First English Evangelical Lutheran Church v. County of Los Angeles</u>,
482 U.S. 304, 314, 96 L. Ed. 2d 250, 107 s. Ct. 2378 (1987)…………………………    11

First National Bank v. North Jersey Trust Co., 18 N.J. Misc. 449,
14 A.2d 765, 767 (N.J. 1940)…………………………………………………………… 17

Foley v. Univ. of Houston Sys., 355 F.3d 333, 341 (5th Cir. 2003)………………… 14

Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)………………………… 3, 4

Fred F. French Inv. Co.  v. City of New York , 39 N.Y.S. 2d 5, 8-9,
350 N.E. 2d 381, 384-86 (1976)………………………………………………………… 18

Genty v. Resolution Trust Corp., 937 F.2d 899, 919 (3d Cir. 1991)…………………… 7

Grimm v. Sweeney, 249 F. Supp. 2d 571, (E.D. Pa. 2003)……………………………… 10

Gross v. German Found Indus. Initiative, 549 F.3d 605, 610 (3d Cir. 2008)…………… 5

Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009)………………………………………… 3

Harris v. Victoria Indep. Sch. Dist., 168 F.3d 216, 220 (5th Cir. 1999)……………….. 14

In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997)……….... 2

Keystone Bituminous Coal Ass'n v. Duncan, 771 F.2d 707, 715 (3d Cir. 1985),
aff'd, 480 U.S. 470, 94 L. Ed. 2d 472, 107 S. Ct. 1232 (1987)………………………… 13

Locust Valley Golf Club, Inc. v. Upper Saucon Twp., 391 Fed.Appx. 195,
199 (3d Cir.2010)…………………………………………………………………….. 12

Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011)…………………………………… 4

Marsellis-Warner Corp. v. Rabens, 51 F. Supp. 2d 508, 525 (D.N.J. 1999)…………… 17

Midnight Sessions Ltd. v. City of Philadelphia, 945 F.2d 667, 676 (3d Cir. 1991)…….. 13

Mueller v. Tech. Devices Corp., 8 N.J. 201, 207, 84 A.2d 620 (1951)…………………16, 17

O'Connor v. City of Newark, 440 F.3d 125, 126-27 (3d Cir. 2006)…………………… 6

Papasan v. Allain, 478 U.S. 265, 286 (1886)…………………………………………… 5

Penn Cent. Transp. Co. v. City of New York, 438 U.S. 104, 124, 57 L. Ed.
2d 631, 98 S. Ct. 2646, reh'g denied, 439 U.S. 883, 58 L. Ed. 2d 198, 99
S. Ct. 226 (1978)………………………………………………………………………… 13

Pearson v. Tanner, 513 F. App'x 152, 154 (3d Cir. 2013)……………………………… 5

Phillips v. County of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008)……………… 4

Rolax v. Whitman, 53 Fed. Appx. 635, 638 (3d Cir. 2002)……………………………… 6

Rolon v. Henneman, 517 F.3d 140, 149 (2d Cir. 2008)………………………………… 3

Santiago Warminster Twp., 629 F.3d 121 (3d Cir. 2010)……………………………….. 4

State by Com'r of Transp. v. Hope Road Associates, 266 N.J. Super.
633 (App. Div. 1993)……………………………………………………………………… 12

Strategic Envtl. Partners, LLC v. Bucco, 184 F. Supp. 3d 108, 129
(D.N.J. 2016)……………………………………………………………………………… 11

Stringer v. United States, 471 F.2d 381 (5th Cir. Miss. 1973)………………………… 12

Swietlowich v. County of Bucks, 610 F.2d 1157, 1162 (3d Cir. 1979)………………… 6

Tahoe-Sierra Pres. Council v. Tahoe Reg'l Planning Agency, 535 U.S.
302 (U.S. 2002)…………………………………………………………………………… 12

Twp. of W. Orange v. 769 Assocs., 172 N.J. 564 (N.J. 2002)…………………………… 12

United Artists Theater Circuit v. Twp. of Warrington, 316 F.3d 392, 400-01
(3d. Cir. 2003)…………………………………………………………………………… 10

United Mine Workers v. Gibbs, 383 U.S. 715,725, (1966)……………………………… 16

Video Pipeline, Inc. v. Buena Vista Home Entm't, Inc., 275 F. Supp. 2d 543,
576 (D.N.J.) aff'd, 342 F.3d 191 (3d Cir. 2003)………………………………………… 17

Vispisiano v. Ashland Chem. Co., 107 N.J. 416, 426-27, 527 A.2d 66 (1987)………… 6

Wallace, 127 S.Ct. at 1095……………………………………………………………… 7

Wash. Legal Found. v. Legal Found. of Wash., 271 F.3d 835 (9th Cir. Wash. 2001)…. 9

West v. Atkins, 487 U.S. 4242 (1988)…………………………………………………... 9

Wilson v. Garcia, 471 U.S. 261, 105 S. Ct. 1938, 85 L. Ed. 2d 254 (1985)…………… 6

Woodside v. Adams, 40 N.J.L. 417 (Sup. Ct. 1878)…………………………………… 17

**U.S. Codes:**

42 U.S.C. §1983……………………………………………………………………….   *passim*

**Statutes:**

N.J.S.A. 2A:14-2……………………………………………………………………….   6

**Rules:**

Rule 12(b)(6)…………………………………………………………………………3, 4, 5

## PRELIMINARY STATEMENT

In the Complaint filed herein, Plaintiff alleges that the Borough of Wood-Ridge's (the "Borough") mislocation of a driveway, which is approximately 24 feet by 40 feet, providing emergency access to the adjacent Borough owned DPW garage on the Plaintiff's property is an unlawful taking without just compensation.  Plaintiff's Complaint filed due to its dissatisfaction with the compensation offered by the Borough, and in complete ignorance of the New Jersey Statutory condemnation process, fails as a matter of law and should be dismissed for the reasons hereinafter stated.   As the vast majority of courts have held, whatever the alleged harm might be, it cannot be irreparable if monetary damages are adequate, as here, and therefore Plaintiff fails to state a claim upon which relief can be granted. Importantly, the Fifth Amendment does not prohibit the taking off private property by the Borough, but instead simply places a condition on the exercise of that power.  It is designed, not to limit the Borough's interference with a property right, but rather to secure compensation in the event of the otherwise proper taking.

But, as set forth in more detail herein, the Court need not even address that issue, because Plaintiff's claims are time barred, as "a section 1983 claim arising in New Jersey has a two-year statute of limitations."   Dique v. New Jersey State Police, 603 F.3d 181, 185 (3d Cir. 2010).  Plaintiff's claim is brought beyond the two-year statute and must be dismissed.

Even if this Court evaluates the underlying claims presented by the Plaintiff in the Complaint, it should dismiss the Complaint as a matter of law, because the facts  necessary to sustain the causes of action set forth are conspicuously absent from Plaintiff's Complaint.   As detailed herein, Plaintiff's Complaint fails on all facets:

      ✓  No filing within the Statute of Limitations;
      ✓  No immediate harm;

✓ No irreparable harm;
✓ No lack of Just Compensation; &
✓ No violation of Due Process.

As evidenced by a more than thirty-year relationship between the parties involving the property at issue, the Borough has consistently adhered to the highest standards of good faith and fair dealing on all accounts. Indeed, considering the array of options the Borough preemptively extended to Plaintiff to facilitate an amicable outcome, options encompassing the very relief sought in the Complaint, the allegations (of impropriety) set forth in the Complaint do not sustain the causes of action set forth therein.

For these reasons, this Court should dismiss the Plaintiff's Complaint with prejudice.

## STATEMENT OF FACTS

For purposes of this motion to dismiss only, the Borough accepts the facts asserted in the Complaint as true, and relies further upon the Declaration of Christopher J. Eilert (the "CJE Dec."), which involves the disputes and correspondence between the parties that are at issue and are referenced *in passim* throughout the Complaint, are inseparable from the allegations therein, and are required in the interest of justice.[1]

---

[1] In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997) (On a motion to dismiss for failure to state a claim, the Court may consider documents outside the pleadings where they may have been partially quoted in the pleadings or simply referenced therein, this is particularly apt where, as here, "**plaintiff has actual notice of [the documents or information] and has relied upon same in drafting its Complaint**". The rational is to prevent a plaintiff from misquoting a document, or creating a claim when consideration of the complete situation would show that no claim, in fact existed.

## STANDARD OF REVIEW

The Complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, as plaintiff fails to state a claim in accordance with the pleading requirements governing federal lawsuits.  Federal pleading standards have shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the mere *possibility* of relief to survive a motion to dismiss. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).   Following Ashcroft v. Iqbal, 556 U.S. 662 (2009) and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), satisfying Rule 12(b)(6) requires a plaintiff to assert "more than an unadorned, the defendant-unlawfully- harmed-me accusation." Twombly, 550 U.S. at 555. In short, as the Court of Appeals for the Third Circuit explained:

> Conclusory…allegations will no longer survive a motion to dismiss; 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice.'

> Fowler, 578 F.3d at 210

The Court is not, bound to accept "conclusory allegations or legal conclusions masquerading as factual conclusions." Rolon v. Henneman, 517 F.3d 140, 149 (2d Cir. 2008) (citation omitted); *see also* Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009) ("[A]lthough a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." (internal quotation marks, brackets, and citation omitted)). "In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as

-3-

exhibits, and documents incorporated by reference in the complaint.  DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010) (citations omitted).

Simply put, courts will not credit a complaint's "bald assertions" when deciding a motion to dismiss. Pearson v. Tanner, 513 F. App'x 152, 154 (3d Cir. 2013).

Instead, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 570). A claim is plausible only if it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Thus, rather than merely alleging a plaintiff's entitlement to relief, a complaint must "'show' such entitlement" by "put[ting] forth allegations that 'raise a reasonable expectation that discovery will reveal evidence of the necessary element[s].'" Fowler, 578 F.3d at 211, 213 (citing Phillips v. County of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008). When a complaint fails to assert sufficient facts "to raise a right to relief above the speculative level," it is subject to dismissal under Rule 12(b)(6). Twombly, 550 U.S. at 555.

In deciding a motion to dismiss under Rule 12(b)(6), this Court applies the three-part analysis set forth by the Court of Appeals for the Third Circuit in Santiago Warminster Twp., 629 F.3d 121 (3d Cir. 2010):

> First, the court must tak[e] note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.
>
> Santiago, 629 F.3d at 130; Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

Importantly, while a court confronted with a Rule 12(b)(6) motion must accept the truth of all factual allegations in the complaint and must draw all reasonable inferences in favor of the non-movant, <u>Gross v. German Found Indus. Initiative</u>, 549 <u>F.3d</u> 605, 610 (3d Cir. 2008), legal conclusions receive no such deference, and the court is "not bound to accept as true a legal conclusion couched as a factual allegation."   <u>Papasan v. Allain</u>, 478 <u>U.S.</u> 265, 286 (1886)(cited with approval in <u>Twombly</u>, 550 <u>U.S</u>. at 555 (citations omitted)).The issue is not whether the plaintiff will prevail, but whether the Plaintiff should be permitted to submit evidence to support the conclusory claims alleged in the Complaint.

-5-

# LEGAL ARGUMENT

## POINT I

### PLAINTIFF'S CLAIMS ARE TIME-BARRED UNDER
### § 1983 AND SHOULD BE DISMISSED

At the outset of the analysis of the Plaintiff's Complaint, the glaring issue that precludes the Federal relief sought by the Plaintiff is the application of the statute of limitations for actions brought under 42 U.S.C. §1983, which are governed by the underlying state's statute for the limitations period for filing personal injury actions. See O'Connor v. City of Newark, 440 F.3d 125, 126-27 (3d Cir. 2006); Cito v. Bridgewater Tp. Police Dept., 892 F.2d 23, 25 (3d Cir. 1989) (citing Wilson v. Garcia, 471 U.S. 261, 105 S. Ct. 1938, 85 L. Ed. 2d 254 (1985)).   In New Jersey, a personal injury action must be commenced within two years of the accrual of the cause of action. See N.J.S.A. 2A:14-2; O'Connor, 440 F.3d at 127 (citing Brown v. Foley, 810 F.2d 55, 56 (3d Cir. 1987)).  In light of the timeline of events discussed in the foregoing section, it is clear that plaintiff's Complaint was filed after the statute of limitations already expired.

Here, the ongoing construction on the site of the adjacent Borough owned DPW property began in 2018, was open and notorious for all to see. The installation of the driveway at issue was completed by as late as **January 16, 2020,**  (CJE Dec. at par. 3), yet the Plaintiff did not commence this action until at least 27 months after the installation of the driveway.   "A plaintiff is required to use 'diligence and reasonable investigative effort' to pursue his claim." Rolax v. Whitman, 53 Fed. Appx. 635, 638 (3d Cir. 2002); Swietlowich v. County of Bucks, 610 F.2d 1157, 1162 (3d Cir. 1979); Vispisiano v. Ashland Chem. Co., 107 N.J. 416, 426-27, 527 A.2d 66 (1987). Clearly the installation of the driveway should have been apparent to the Plaintiff under any circumstances.

-6-

Importantly: "[T]he tort cause of action accrues, and the statute of limitations commences to run, when the wrongful act or omission results in damages. The cause of action accrues even though the full extent of the injury in not then known or predictable." Wallace, 127 S.Ct. at 1095; see also Genty v. Resolution Trust Corp., 937 F.2d 899, 919 (3d Cir. 1991) (noting that "the limitations period begins to run from the time when the plaintiff knows or has reason to know of the injury which is the basis of the [S]ection 1983 action").

It is Plaintiff's burden to substantiate why it reasonably could not have discovered the cause of action in time to comply with the limitation period.  However, Plaintiff fails to offer any reasonable basis in the Complaint for the delay in filing this action.  For these reasons, the causes of action asserted by the Plaintiff in the Complaint pursuant to 42 U.S.C. §1983 in Counts One, Three and Five are time barred and should be dismissed.

## POINT  II

### THE COMPLAINT SHOULD BE DISMISSED FOR
### FAILURE TO STATE A CLAIM UPON WHICH
### RELIEF CAN BE GRANTED

Even assuming arguendo that the Court does not find the Plaintiff's failure to timely bring this litigation fatal, a review of the Complaint reveals that Plaintiff fails to plead sufficient facts to sustain any of the claims asserted against the Borough.  Particularly where Plaintiff has admitted that it refused offers of  just compensation from the Borough and instead of participating in the New Jersey statutory scheme to determine just compensation filed this action.  Accordingly, as set for the below, dismissal of the Complaint in its entirety is appropriate.

    *A.*    **Counts One, Three and Five of the Complaint must be dismissed because the Plaintiff fails to plead facts sufficient to establish its Fifth and Fourteenth Amendment claims.**

Counts One, Three and Five of the Plaintiff's Complaint must be dismissed because Plaintiff's right to just compensation has not been impinged under § 1983. Under well-established Supreme Court and appellate precedent,  the mere allegation of a violation of federal law is not sufficient to support a § 1983 claim.  Conversely, § 1983 only becomes applicable when there is a violation of an enforceable federal right.  As the overwhelming majority of courts have recognized,  "Section 1983 imposes liability on anyone who, under color of state law, deprives a person of any rights, privileges, or immunities secured by the Constitution and laws." Blessing v. Freestone, 520 U.S. 329, 340 (1997).

As federal courts have repeatedly recognized, to succeed on a Section 1983 claim, a plaintiff must prove that his constitutional rights were violated, and that the violation was caused

by a person acting under color of law. <u>West v. Atkins</u>, 487 <u>U.S.</u> 4242 (1988).  Importantly, in reviewing Plaintiff's Section 1983 claims, the following should be noted:

1.  Section 1983 is not by its language a source of substantive rights; it is remedial statute.

2.  Plaintiff must prove causation. There is no vicarious liability under Section 1983. Plaintiff must prove that each defendant, individual or entity, caused the constitutional injury.

3.  Only intentional conduct is actionable under Section 1983. Negligence is insufficient to incur Section 1983 liability.

<u>Daniels v. Williams</u>, 474 <u>U.S.</u> 327 (1986).

The Section 1983 claims fail to recognize that, the taking clause of the Fifth Amendment to the <u>U.S.</u> Constitution specifically provides for governmental taking of private property. However, it places a condition on the exercise of that power and the purpose of the taking clause is to prevent the government from forcing some people alone to bear public burdens which must be borne by the public as a whole. <u>Wash. Legal Found. v. Legal Found. of Wash</u>., 271 <u>F.3d</u> 835 (9th Cir. Wash. 2001).

The Fourteenth Amendment maintains that no State shall deprive any person of life liberty or property without due process of law. <u>U.S. Const. amend. XIV.</u>  Famous for its controversy, the Fourteenth Amendment proffers a requirement that Plaintiff has not made, and cannot in good faith make, that he has been deprived of a particular quality of property interest. The existence of a property interest depends upon the functional value of the subject property; meaning, the "use and enjoyment" of a subject property are rights that are inherent to ownership. Considering Plaintiff waited over two years to bring this claim, it is clear that "particular quality" plaintiff must establish to state a claim remains wholly lacking.

-9-

A violation of substantive due process rights on the part of an executive official is proven if the official's actions in depriving the plaintiff of a protected property interest were so arbitrary or egregious as to shock the conscience. County of Sacramento v. Lewis, 523 U.S. 833, 846-47, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998). The Third Circuit reaffirmed that in land-use cases where the actions of executive officials are at issue, the "shocks the conscience" standard applies. United Artists Theater Circuit v. Twp. of Warrington, 316 F.3d 392, 400-01 (3d. Cir. 2003). The shocks the conscience standard "is no calibrated yardstick," Lewis, 523 U.S. at 847, 118 S.Ct. 1708, thus, conduct that "shocks in one environment may not be so patently egregious in another." Id. at 850, 118 S. Ct. 1708. Grimm v. Sweeney, 249 F. Supp. 2d 571, (E.D. Pa. 2003).

Whether conduct shocks the conscience "varies depending upon factual context." Chainey v. Street , 523 F.3d 200, 220 (3d Cir.2008). Conduct that may shock the conscience includes corruption, self-dealing, ethnic bias, or interference with an otherwise protected constitutional activity. Eichenlaub, 385 F.3d at 285–86. In Eichenlaub, for example, selectively enforcing zoning requirements, unannounced and unnecessary inspection and enforcement actions, delaying permits and approvals, improperly increasing tax assessments, and "malign[ing] and muzzl[ing] the [plaintiffs]" did not shock the conscience. Id. at 286. Instead, the Third Circuit found that such "complaints are examples of the kind of disagreement that is frequent in planning disputes." Id. Similarly, in DB Enterprise, the defendant state representative's coercion of plaintiff to perform construction work to benefit certain property in service of the mayor's political ambitions, false promises of reimbursement for the same, and threats to derail plaintiff's land development project did not shock the conscience. 394 Fed.Appx. at 919–20. Notably, improper

-10-

motive alone is not enough to shock the conscience. See Locust Valley Golf Club, Inc. v. Upper Saucon Twp. , 391 Fed.Appx. 195, 199 (3d Cir.2010) (that township official's zoning actions may have been motivated by "spite or in remote hope that he might one day purchase the property himself" was insufficiently egregious to constitute a substantive Due Process violation). Strategic Envtl. Partners, LLC v. Bucco, 184 F. Supp. 3d 108, 129 (D.N.J. 2016).

Here, the facts alleged in the Complaint do not rise to the level necessary to establish this standard.  Indeed,  the Borough acknowledged the Plaintiff's interest in the property and repeatedly offered to work with Plaintiff to resolve the issue of just compensation, acting within, not overstepping, the scope of its powers at any time.  The Borough obtained an appraisal of the property in question and sought to follow all of the appropriate State statutory procedures to determine just compensation.  Dissatisfied with the offer of just compensation made by the Borough, the Plaintiff instead commenced this Federal Action.

A claim for a taking without just compensation, as here, is pursued under the Fifth Amendment, which is made applicable through the Fourteenth Amendment.  Along those same lines, the takings clause expressly requires compensation where government takes private property for public use, which compensation in various forms has been repeatedly offered to the Plaintiff by the Borough. It is of note that takings clause does not bar a government from interfering with property rights, only that it need provide a just compensation. See First English Evangelical Lutheran church v. County of Los Angeles, 482 U.S. 304, 314, 96 L. Ed. 2d 250, 107 s. Ct. 2378 (1987).  Contrary to Plaintiff's assertions in the Complaint, the Fifth Amendment does not prohibit the taking of private property by the state, "but instead places a condition on the exercise of that power." Id. at 314. It is designed "not to limit the governmental interference with property right

per se, but rather to secure compensation in the event of otherwise proper interference amounting to a taking." Id. at 315.

It was observed in Twp. of W. Orange v. 769 Assocs., 172 N.J. 564 (N.J. 2002) that a reviewing court has no power to upset a municipality's decision to use its eminent domain power in the absence of an affirmative showing of fraud, bad faith, or manifest abuse – none of which are alleged with any specificity in the Complaint. More importantly, none of which have occurred in this matter.

Often referred to as the Just Compensation Clause, the final clause of the Fifth Amendment provides that private property should not be taken for public use without just compensation. Tahoe-Sierra Pres. Council v. Tahoe Reg'l Planning Agency, 535 U.S. 302 (U.S. 2002).  Just compensation is such which puts the injured party in a good condition as s/he would have been, if the injury had not been inflicted.   Id.

Generally, the property owner is not entitled to compensation before the government takes possession of his/her land. Stringer v. United States, 471 F.2d 381 (5th Cir. Miss. 1973).The constitution does not require that compensation be actually paid in advance of the occupancy of the land. Id. However, the owner is entitled to reasonable, certain, and adequate provision for obtaining compensation before his/her occupancy is disturbed. Id.

When property is taken under eminent domain, the measure of just compensation is the fair market value of the property to be ascertained as of the date of taking. State by Com'r of Transp. v. Hope Road Associates, 266 N.J. Super. 633 (App. Div. 1993).  It is determined by assessing a price a willing buyer and a willing seller would agree to. Id. Fair market value is that

-12-

value assigned by parties freely negotiating under normal market conditions based on all surrounding circumstances at the time of the taking. Id.

The Third Circuit set forth the factors to be considered in determining whether state action constitutes a taking without just compensation in Keystone Bituminous Coal Ass'n v. Duncan, 771 F.2d 707, 715 (3d Cir. 1985), aff'd, 480 U.S. 470, 94 L. Ed. 2d 472, 107 S. Ct. 1232 (1987). The Keystone Court stated that a "taking may more readily be found when the interference with property can be characterized as a physical invasion by government . . . than when the interference arises from some public program adjusting the benefits and burdens of economic life to promote the common good." 771 F.2d at 712 (quoting Penn Cent. Transp. Co. v. City of New York, 438 U.S. 104, 124, 57 L. Ed. 2d 631, 98 S. Ct. 2646, reh'g denied, 439 U.S. 883, 58 L. Ed. 2d 198, 99 S. Ct. 226 (1978)).

An actual physical invasion of property is one type of taking. In other situations, a taking may occur if a state or local government "reasonably concludes that the 'health, safety, morals, or general welfare' would be promoted by prohibiting particular contemplated uses of land," such as here. Midnight Sessions Ltd. v. City of Philadelphia, 945 F.2d 667, 676 (3d Cir. 1991). In this context, a taking is not established simply upon a showing of "the denial of 'the ability to exploit a property interest that [the plaintiffs] heretofore had believed was available.'" Midnight Sessions, 945 F.2d at 676. Rather, the governmental action must result in an extensive denial of the value of the property interest, something Plaintiff fails to allege in the Complaint, because it did not occur here.

An additional factor that courts consider is the diminution in present value of the property that the alleged interference caused. See Keystone, 771 F.2d at 713. Under these factors,

-13-

the task of proving an unconstitutional taking is a difficult one. In the case at bar, the court's consideration of the two aforementioned factors militates against Plaintiff's claim that it was subjected to an unconstitutional taking. First, there is no evidence in the record that the Borough's construction diminished the present value of Plaintiff's property interest. Additionally, plaintiff has not demonstrated that the Borough's use of the small strip of grass deprived it of all economically viable uses of the property.

Finally, Plaintiff has not asserted facts to allege damages – instead, Plaintiff uses the statutorily required actions taken on behalf of the Borough to prepare for a potential condemnation claim and provide just compensation, as a basis to allege its Constitutional rights have been violated.   Instead of allowing the Borough to pursue the statuary prescribed remedy for determining "just compensation", Plaintiff instead filed this action, thus effectively precluding a determination of just compensation and instead claims the Borough has acted in bad faith. For these reasons, Counts One, Three and Five of the Plaintiff's Complaint should be dismissed.

### B.      Plaintiff's Claim for Retaliation Should Be Dismissed

Plaintiff in the Fifth Count of the Complaint, asserts a cause of action in violation of 42 U.S.C. 1983, alleging the Borough retaliated  based upon the Plaintiff's First Amendment exercise of its free speech rights.  To prove a First Amendment retaliation claim, the Plaintiff must establish that an adverse action was taken against the Plaintiff, and that  the adverse action was "motivated by [his] protected speech." Foley v. Univ. of Houston Sys., 355 F.3d 333, 341 (5th Cir. 2003) (citing Harris v. Victoria Indep. Sch. Dist., 168 F.3d 216, 220 (5th Cir. 1999)). Plaintiff has not alleged specific facts that demonstrate that the Borough took an adverse action against it, rather it broadly asserts that the Borough by passing resolution 146-2021, which in part seeks to acquire

-14-

property by eminent domain retaliated against it. These specious allegations are clearly not cognizable to a claim of retaliation, where the Plaintiff is essentially alleging that the Borough has retaliated by following the statutory due process procedures specifically designed to afford the Plaintiff just compensation and due process.  Plaintiff cannot use this conduct as both a shield and a sword.  Indeed, after two years of attempting to resolve the issue amicably, and after Plaintiff repeatedly rejected various offers of just compensation, the Borough took the preliminary steps statutorily required of it to ensure that if the matter was not resolved, the Borough would not violate Plaintiff's due process.  Plaintiff has not alleged sufficient specific facts that show that the actions taken against it were retaliatory. This deficiency is fatal to Plaintiff's claim because, without specifying these details, Plaintiff has failed to plead facts that would establish that the Borough acted in response to Plaintiffs' exercise of its  First Amendment rights. Here, Plaintiff complains, disingenuously, that the Borough's strict adherence to the procedures to ensure that his due process rights are not violated,  somehow constitute a deprivation of his rights. Therefore, Plaintiff's First Amendment retaliation claim asserted in the Fifth Count should be dismissed.

## POINT  III

### PLAINTIFF'S REMAINING CLAIMS
### DO NOT GIVE RISE TO FEDERAL JURISDICTION

Once the claims  alleged in the First, Third and Fifth Counts of the Plaintiff's Complaint are dismissed, there are no remaining cognizable Federal Claims.  The Supreme Court has established that federal courts have the power to entertain pendent state claims if the federal and state claimed, "derive from a common nucleus of operative facts" such that the plaintiff "would ordinarily be expected to try them all in one judicial proceeding".  United Mine Workers v. Gibbs, 383 U.S. 715,725, (1966).  However, just as should occur here, "if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."  Id.  Assuming arguendo the Court declines to dismiss the Federal claims and maintains pendent jurisdiction for the State claims, for the following reasons, these claims should be dismissed.

### A.     The Plaintiff fails to plead facts sufficient to establish the remaining common law claims for conversion and ejectment

Conversion is the intentional exercise of dominion or control over personal property that seriously interferes with the right of another to control it. See Mueller v. Tech. Devices Corp., 8 N.J. 201, 207, 84 A.2d 620 (1951); see also Commercial Ins. Co. v. Apgar, 111 N.J. Super. 108, 114, 267 A.2d 559 (Law Div. 1970); Restatement (Second) of Torts § 222A(1) (2007). Conversion is the deprivation of another's right to use or possess personal property. Note that the property at issue is not "real property" which, in turn, is usually defined as land and attached improvements on land "The essence of a conversion claim is that one party exercises the right of ownership over property belonging to another without that person's permission." Boccone v. Levinson, No. 04-

-16-

3871, 2006 <u>U.S.</u> Dist. LEXIS 94475, *19-20 (D.N.J. Dec. 26, 2006).  To prove a claim for conversion, a plaintiff must prove "(1) that the alleged offender assumed and exercised the right of ownership over the party's goods or chattels without permission, and (2) excluded the owner from exercising dominion over them." <u>Video Pipeline, Inc. v. Buena Vista Home Entm't, Inc</u>., 275 F. Supp. 2d 543, 576 (D.N.J.) aff'd, 342 <u>F.3d</u> 191 (3d Cir. 2003)(citing <u>Barco Auto Leasing Corp. v. Holt</u>, 228 N.J. Super. 77, 83, 548 <u>A.2d</u> 1161 (App. Div. 1988)); <u>Woodside v. Adams</u>, 40 N.J.L. 417 (Sup. Ct. 1878). In New Jersey, common law conversion is defined as " 'the exercise of any act of dominion in denial of another's title to . . . chattels, or inconsistent with such title. ' " <u>Marsellis-Warner Corp. v. Rabens</u>, 51 F. Supp. 2d 508, 525 (D.N.J. 1999) (quoting <u>Mueller v. Technical Devices Corp.</u>, 8 N.J. 201, 207, (N.J. 1951).  More loosely, conversion may be thought of as the civil remedy for theft, for unlawful taking, or for unlawful keeping, typically of personal property, not real property.

The elements of conversion in New Jersey are: "(a) that the property and right to immediate possession thereof belong to the plaintiff; and (b) the wrongful act of interference with that right by the defendant." <u>Davis v. Connolly</u>, No. 09-cv-4629 (D.N.J. Feb. 11, 2010) (quoting <u>First National Bank v. North Jersey Trust C</u>o., 18 N.J. Misc. 449, 14 <u>A.2d</u> 765, 767 (N.J. 1940) [an enhanced version of this opinion is available to lexis.com subscribers]); see also <u>Marsellis-Warner Corp.</u>, 51 <u>F. Supp.</u> 2d at 525.

Here, Plaintiff fails to establish that Borough's conduct is wrongful, particularly where the governmental entity has the inherent power to take property for a public purpose, to begin preliminary proceedings for a taking, and to settle claims for such taking amicably over the

course of two years.  All of these facts militate against the Plaintiff satisfying the required prongs of a claim for conversion, or which would establish the Plaintiff's right to the remedy of ejectment. Indeed, when a taking has been found without just compensation, the appropriate remedy is to pay just compensation, not ejectment or actions for conversion of chattels.  See Agins v. City of Tiburon, 24 Cal.3d 266, 598 P.2d 25, 157 Cal.Raptor. 372 (1979); Fred F. French Inv. Co.  v. City of New York , 39 N.Y.S. 2d 5, 8-9, 350 N.E. 2d 381, 384-86 (1976).  For these reasons, Counts and Nine of the Complaint should be dismissed.

## CONCLUSION

For the foregoing reasons, and the Plaintiff's Complaint  should be dismissed.

      Respectfully Submitted,
      **ARONSOHN WEINER SALERNO & KAUFMAN P.C.**
      Attorneys for Defendants Borough of Wood-Ridge
      and Borough Council of Wood-Ridge,


      By: _/s/ Gerald R. Salerno_
         Gerald R. Salerno, Esq.

-19-