UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLOW STREET PROPERTIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>BOROUGH OF WOOD-RIDGE, BOROUGH COUNCIL OF WOOD-RIDGE, NEGLIA ENGINEERING ASSOCIATES, MICHAEL NEGLIA AND JOHN DOES 1-10,<br><br>Defendants. | Civ. No. 2:22-CV-02009-WJM-IRA<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.C.**

    This matter arises out of a property dispute between plaintiff Willow Street Properties, LLC ("Plaintiff") and defendants Borough of Wood-Ridge (the "Borough"), Borough Council of Wood-Ridge (the "Council"), Neglia Engineering Associates ("Neglia Engineering"), and Michael Neglia ("Neglia" and, collectively, "Defendants"). Before the Court is Plaintiff's motion (the "Motion") for a preliminary injunction pursuant to Federal Rule of Civil Procedure 65(b) seeking to enjoin the Borough and the Council from continuing to occupy, use, or otherwise interfere with, Plaintiff's property. ECF No. 4. For the reasons set forth below, Plaintiff's Motion is **DENIED**.

**I.    BACKGROUND**

    Plaintiff is a New Jersey limited liability company which owns a plot of land within the Borough located at 12 Willow Street. Prior to 2019, the lot was comprised of an industrial building, a related parking lot, and a narrow strip of undeveloped grass referred to by Plaintiff as the "Willow Street Extension." The lot adjoins the Borough's Department of Public Works' ("DPW") main yard, which contains a garage that houses the Borough's vehicles. The Willow Street Extension, which Plaintiff claims to regularly maintain with an eye towards potential future development, lies between, and separates, the back of the Borough's DPW garage and the developed portion of Plaintiff's property. (Wedemeyer Decl. ¶ 14 & Ex. A).

    The Borough's DPW garage is located on, and primarily accessed through, Concord Street. (Eilert Cert., ¶ 2). Concord Street, however, is prone to substantial flooding, which restricts the DPW's access to the garage and the use of the vehicles stored therein during emergency weather conditions. (*Id.*). Accordingly, in late 2019, the Borough sought to create an alternative access point through the rear of the garage via Willow Street. (*Id.*). To

do so, the Borough constructed a driveway approximately 24 feet wide by 40 feet deep connecting the rear of the garage to Willow Street. (Eilert Cert. ¶ 3). In so doing, however, the Borough paved over a portion of the Willow Street Extension without notice or permission from Plaintiff.

The Borough asserts that their engineers completed a deed search prior to paving the new access point and driveway to the DPW garage which failed to reveal Plaintiff's ownership of the Willow Street Extension. (Schepis Decl., Ex. J). Notwithstanding the results of their title search, however, the Borough admits that Plaintiff owns the Willow Street Extension and that the driveway was constructed on some portion of Plaintiff's property. (*Id.*).

Plaintiff states that it did not become aware of the Borough's actions until September of 2020, upon which it immediately contacted the Borough. (Wedemeyer Decl. ¶ 8). The parties then engaged in ultimately unsuccessful negotiations with respect to the Willow Street Extension. The Borough, recognizing that it had paved over a portion of Plaintiff's property but nonetheless wishing to keep its rear access point to the DPW garage, offered to pay $16,000[1] in exchange for an easement allowing access to the parking area during emergency situations, or, in the alternative, to construct a walkway to the emergency exit of Plaintiff's industrial building and reimburse Plaintiff for legal fees incurred during the course of negotiations. (Schepis Decl., Ex. J). Plaintiff rejected these offers, but instead offered to rent the paved over portion of the Willow Street Extension to the Borough for $600 per month. (Schepis Decl. ¶ 16; Wedemeyer Decl. ¶ 11; Eilert Cert. ¶ 8). The Borough rejected Plaintiff's counteroffer and continued to push for an easement on the property until Plaintiff eventually informed the Borough that it would not accept any arrangement short of removing the driveway and returning the area to its original, grassy position. (Schepis Decl., Ex. J. Eilert Cert., Ex. I. Wedemeyer Decl. ¶ 13). Following the breakdown in negotiations, on December 15, 2021, the Council passed a resolution authorizing Borough officials to initiate the eminent domain process pursuant to New Jersey law, including preliminary pre-litigation functions such as purchase negotiations and surveys, with respect to an unspecified portion of Plaintiff's Willow Street property. (Wedemeyer Decl., Ex. M).

Shortly after passage of the Council's eminent domain resolution, Plaintiff commenced the present action asserting, among other things, claims against the Borough and the Council under the Takings Clause of the Fifth Amendment, the Due Process Clause of the Fourteenth Amendment, and for retaliation under the First Amendment to the United States Constitution, as well as similar provisions under the New Jersey Constitution, and for ejectment, trespass, and conversion under New Jersey common law. Plaintiff now seeks

---

[1] This figure was established as the market value of the portion of the Willow Street Extension which the Borough paved over through an appraisal conducted as part of Borough's condemnation procedures. (Eilert Cert., Ex. G).

preliminary injunctive relief to prevent the Borough's continued use of the parking area pending the resolution of this case.

## II. LEGAL STANDARD

A preliminary injunction is "an extraordinary remedy which should be granted only in limited circumstances." *Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharm. Co.*, 290 F.3d 578, 586 (3d Cir. 2002) (quoting *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 800 (3d Cir. 1989)). Requests for preliminary injunctive relief are evaluated under a well-established four-factor test under which the Court first considers whether the party seeking preliminary injunctive relief has demonstrated (1) a likelihood of success on the merits; and (2) that it will suffer irreparable harm absent such injunctive relief. *Mallet & Co. v. Lacayo*, 16 F4th 364, 380 (3d Cir. 2021). Only if the moving party establishes both of these threshold factors does the Court go on to consider (3) whether granting preliminary injunctive relief will harm the nonmoving party or other interested persons; and (4) the public interest. *Reilly v. City of Harrisburg*, 858 F.3d 173, 178 (3d Cir. 2017). The Court must then determine, in its sound discretion, whether the balance of these four factors weighs in favor of granting the requested preliminary injunctive relief. *Id.*

## III. DISCUSSION

Plaintiff seeks preliminary injunctive relief through its claims for an unlawful taking of property under the Fifth Amendment and for trespass under New Jersey common law. In seeking such relief, Plaintiff primarily argues that there is no dispute that the Borough has unlawfully occupied and continues to unlawfully use its property, which has rendered, and, absent immediate relief, will continue to render, Plaintiff unable to develop, utilize, or otherwise enjoy such property as it sees fit. Be that as it as may, the Court nonetheless concludes that Plaintiff has failed to satisfy its threshold burden to demonstrate the need for preliminary injunctive relief.

### A. Likelihood of Success on the Merits

A likelihood of success on the merits is a reasonable probability of eventual success, one that is better than negligible but does not require the plaintiff to establish that they are more likely to succeed than not. *Id.* at 179 & n.3. Plaintiff has the burden of demonstrating it is likely to succeed on the merits. *P.C. Yonkers, Inc. v. Celebrations the Party and Seasonal Superstore, LLC*, 428 F.3d 504, 508 (3d Cir. 2005). Here, Plaintiff has demonstrated a likelihood of success on both its Fifth Amendment and trespass claims.

#### 1. Fifth Amendment

The Fifth Amendment to the United States Constitution, made applicable to the states by the Fourteenth Amendment thereto, provides, in relevant part, that private property shall not "be taken for public use, without just compensation." U.S. Const. amend. V. A violation of the Takings Clause of the Fifth Amendment occurs as soon as a government takes property for public use without just compensation. *Knick v. Twp. of Scott*, 139 S. Ct. 2162, 2167 (2019). Here, there is no dispute as to whether the Borough's actions

3

constitute an unlawful taking of Plaintiff's property without a prior offer of just compensation therefor. (Schepis Decl., Ex. J) ("[W]e do not dispute in any way that [Plaintiff] is the owner of the property, and that the driveway was built on his property."). Thus, Plaintiff has demonstrated a likelihood of success on the merits of its claim for a violation of the Takings Clause of the Fifth Amendment.

### 2. Trespass

Under New Jersey law, a defendant is liable for trespass if they intentionally enter upon another's property without permission. *Severa v. Solvay Specialty Polymers USA, LLC*, 524 F. Supp. 3d 381, 398 (D.N.J. 2021); *Ross v. Lowitz*, 120 A.3d 178, 188 (N.J. 2015). Here, the Borough has admitted to their unlawful and intentional entry on Plaintiff's property without permission. (Schepis Decl., Ex. J). Thus, as with its Takings Clause claim, Plaintiff has demonstrated a likelihood of success on the merits with respect to its trespass claim under New Jersey law.

### B. Irreparable Harm

To constitute the sort of irreparable harm justifying preliminary injunctive relief, the moving party must demonstrate that it "will suffer harm that 'cannot be redressed by a legal or an equitable remedy following a trial.'" *Hynoski v. Columbia Cnty. Redevelopment Auth.*, 485 F. App'x 559, 563 (3d Cir. 2012) (quoting *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 801 (3d Cir. 1989)). This requires Plaintiff to show not only that the harm it will suffer is one that cannot be adequately remedied by monetary compensation, but that it is one for which "even an equitable remedy will not be adequate if withheld until the conclusion of the litigation." *Peterson v. HVM L.L.C.*, No. 14-1137 (KM) (SCM), 2015 WL 3648839, at *6 (D.N.J. June 11, 2015). In addition, Plaintiff must demonstrate a likelihood of suffering such irreparable injury – a mere possibility of such injury is insufficient to warrant injunctive relief. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 21 (2008). In other words, "[t]he preliminary injunction must be the only way of protecting the plaintiff from harm." *Hynoski*, 485 F. App'x at 563.

Here, Plaintiff is unable to demonstrate a likelihood of irreparable injury in the absence of preliminary injunctive relief. At the outset, although the Third Circuit has noted that preliminary injunctive relief may be appropriate where, as here, interests in real property are at stake, *see Minard Run Oil Co. v. U.S. Forest Serv.*, 670 F.3d 236, 256 (3d Cir. 2011), it has also noted more recently that "the taking of real property can be adequately remedied by monetary compensation" and "the intangible personal connection to property does not render condemnation an irreparable injury." *Hynoski*, 485 F. App'x at 563; *see also Knick*, 139 S. Ct. at 2177 ("Given the availability of post-taking compensation, barring the government from acting will ordinarily not be appropriate."). Similarly, it is clear that any decrease in the value of Plaintiff's property as a result of the Borough's conduct may be adequately remedied by monetary damages and thus does not constitute irreparable harm warranting preliminary injunctive relief. Finally, even if the Court were to accept Plaintiff's argument that the Borough's use of the paved area renders Plaintiff susceptible to potential liability if a Borough employee were to be injured while

using the driveway, and that such liability somehow could not be remedied by monetary compensation, any such liability is both speculative and premised on too remote a possibility to justify the issuance of preliminary injunctive relief.

Because Plaintiff has failed to satisfy its threshold burden of demonstrating a likelihood of suffering irreparable harm absent preliminary injunctive relief, the Court need not consider or balance the remaining factors and concludes that preliminary injunctive relief is unwarranted in this case. *See Holland v. Rosen*, 895 F.3d 272, 286 (3d Cir. 2018).

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's Motion is **DENIED**. An appropriate order follows.

/s/ *William J. Martini*
**William J. Martini, U.S.D.J.**

**Date: July 5, 2022**