UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **WILLOW STREET PROPERTIES, LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**BOROUGH OF WOOD-RIDGE, BOROUGH COUNCIL OF WOOD-RIDGE, NEGLIA ENGINEERING ASSOCIATES, MICHAEL NEGLIA AND JOHN DOES 1-10,**<br><br>Defendants. | Civ. No. 2:22-CV-02009-WJM-IRA<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.C.**

This matter arises out of a property dispute between plaintiff Willow Street Properties, LLC ("Plaintiff") and defendants Borough of Wood-Ridge (the "Borough"), Borough Council of Wood-Ridge (the "Council"), Neglia Engineering Associates ("Neglia Engineering"), and Michael Neglia ("Neglia" and, collectively, "Defendants"). Before the Court is the Borough and Borough Council's (hereinafter, the "Borough Defendants") motion (the "Motion") for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the Borough Defendants' Motion is **GRANTED IN PART** and **DENIED IN PART**.

**I.   BACKGROUND**

Plaintiff is a New Jersey limited liability company with a principal place of business located at 6 Shawn Court, Wayne, NJ. (Compl. ¶ 1). Plaintiff owns a parcel of land within the Borough located at 12 Willow Street which includes a tract of undeveloped grass identified by Plaintiff as the "Willow Street Extension." *Id.* at ¶¶ 1, 8. The Willow Street Extension lies between, and separates, the back of the Borough's Department of Public Works' ("DPW") garage and the structures built on Plaintiff's lot. *Id.* at ¶ 13.

The Willow Street Extension was acquired by Plaintiff's predecessor in interest, Willow Properties, from the Borough in 1990 for $19,000 in a transaction that was recorded by the Bergen County Clerk. *Id.* at ¶¶ 10-11. Following a conversion from a partnership to a limited liability company, the name of the owner of 12 Willow Street, including the Willow Street Extension, changed from Willow Properties to Plaintiff Willow Street Properties, LLC. *Id.* at ¶ 12. This ownership change was documented in a December 12, 2010 Confirmatory Deed which was also recorded by the Bergen County Clerk. *Id.*

In September 2020, Plaintiff became aware that the Borough had constructed a driveway/parking space to serve as a rear access point to the DPW garage over a portion of the Willow Street Extension. *Id.* Upon making this discovery, Plaintiff, through counsel, notified the Borough that it was trespassing on its property and requested that the Borough return the Willow Street Extension to its original, undeveloped state. *Id.* at ¶ 14. This began a monthslong exchange between Plaintiff and the Borough in which the parties unsuccessfully attempted to negotiate a resolution with respect to the Willow Street Extension. Notwithstanding the result of a pre-construction survey, the Borough eventually acknowledged both Plaintiff's ownership of the Willow Street Extension and that the driveway was constructed upon a portion thereof. *Id.* at ¶¶ 15-16, 23-25. Rather than return the property to its original condition, however, the Borough repeatedly sought an easement from Plaintiff allowing for continued use of the driveway, which Plaintiff declined to give. *Id.* at ¶¶ 17-21, 26-28.

On December 15, 2021, after approximately 15 months of fruitless negotiations, the Borough Council passed Resolution 146-2021, which seeks, in part, to acquire a portion of 12 Willow Street by eminent domain. *Id.* at ¶ 29-30.

## II. LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP") provides for the dismissal of a complaint if the plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The movant bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss under FRCP 12(b)(6), "all allegations in the complaint must be accepted as true, and the plaintiff must be given the benefit of every favorable inference to be drawn therefrom." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). The Court need not accept as true "legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In ruling on a 12(b)(6) motion, the Court is ordinarily limited to the facts as alleged in the complaint, the exhibits attached thereto, and matters of public record. *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1996 (3d Cir. 1993). The Court may, however, look outside the pleadings and consider "document[s] integral to or explicitly relied upon in the complaint" or any "undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *In re Asbestos Prod. Liability Litig. (No. VI)*, 822 F.3d 125, 134 n.7 (3d Cir. 2016).

To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

### III. DISCUSSION

The Borough Defendants seek to dismiss Counts I, III, and V for violations of the Fifth, Fourteenth, and First Amendments of the United States Constitution, respectively, as well as Counts VII and IX for ejectment and conversion, respectively, under New Jersey law. The Court will address each claim in turn. Before turning to the merits of the challenged claims, however, the Court first addresses the Borough Defendants' argument that Plaintiff's federal constitutional claims brought under 42 U.S.C. § 1983 are time-barred.

#### A.     Statute of Limitations

Claims for constitutional violations arising in New Jersey and brought pursuant to § 1983 are subject to the state's two-year statute of limitations applicable to personal injury actions. *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010). The statute of limitations begins to run for such claims when the constitutional violation occurs and a plaintiff suffers damages as a result thereof such that the plaintiff has "a complete and present cause of action." *Id.* (quoting *Wallace v. Kato*, 549 U.S. 384, 388 (2007)). In New Jersey, however, "a statute of limitations can be tolled based upon equitable principles, including the discovery rule," which postpones the accrual of a claim until "the injured party discovers, or by exercise of reasonable diligence and intelligence should have discovered, that he may have a basis for an actionable claim." *Id.* (quotations omitted).

The statute of limitations is an affirmative defense, and, as such, should ordinarily be raised in a defendant's answer to a complaint, not in a motion to dismiss. *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014). Nonetheless, the Court may dismiss a claim on statute of limitations grounds on a Rule 12(b)(6) motion, but "only when the statute of limitations defense is apparent on the face of the complaint." *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017). Thus, where the complaint "does not reveal when the limitations period began to run . . . the statute of limitations cannot justify Rule 12 dismissal." *Barefoot Arhcitect, Inc. v. Bunge*, 632 F.3d 822, 835 (3d Cir. 2011). Moreover, before ordering a statute of limitations dismissal, the Court must consider the potential applicability of tolling doctrines that might save an otherwise untimely claim. *Id.* at 157-58. To that end, the Court notes that a plaintiff "is not required to plead around an affirmative defense," and that dismissal is inappropriate unless it is clear from the facts alleged in the complaint that any such tolling doctrines do not apply. *Skolas*, 770 F.3d at 251-52.

Here, Plaintiff alleges two distinct constitutional injuries: (1) retaliation in violation of the First Amendment through the exercise of the Borough's eminent domain power; and (2) a taking of a portion of the Willow Street Extension without just compensation in violation of the Takings Clause of the Fifth Amendment and Due Process Clause of the Fourteenth Amendment. With respect to the former, there is no dispute that the alleged unconstitutional retaliation occurred on December 15, 2021, only approximately four months before the commencement of this action and thus well within the two-year limitations period.

With respect to the latter, however, the Borough Defendants maintain that construction of the driveway was completed no later than January 16, 2020, that it was unreasonable for Plaintiff to have failed to discover the existence of the driveway until September 2020, and that Plaintiff's § 1983 claims with respect thereto are therefore untimely. The Court disagrees for two reasons. First, there is nothing in Plaintiff's complaint that indicates when construction of the driveway began or was completed, and there is thus nothing in the record which the Court may properly consider that indicates when the statute of limitations began to run with respect to Plaintiff's Fifth and Fourteenth Amendment claims.[1] Second, even if the Court were to assume that construction of the driveway was in fact completed by January 16, 2020, Plaintiff clearly alleges that it did not become aware of its existence, and the resulting taking of its property, until September 2020, and it is not evident from the face of the complaint that the discovery rule could not properly save Plaintiff's claims. The reasonableness of Plaintiff's delayed discovery of the driveway in view of the unique facts of this case and within the context of the global COVID-19 pandemic is a fact intensive inquiry inappropriate on a Rule 12(b)(6) motion to dismiss. *See Warrick v. N.J. Office of Attorney General*, No. 20-14274 (MAS) (TJB), 2022 WL 1763855, at *6 (D.N.J. May 31, 2022) ("At bottom when, when even a possibility of tolling applies, a complaint will not give rise to a statute-of-limitations defense that is ripe for resolution on a motion to dismiss.").

Accordingly, the Court finds that, for purposes of the instant Motion, Plaintiff's constitutional claims are timely and the Court considers the merits of Plaintiff's claims.

### B.    Count I – Violation of Takings Clause Under the Fifth Amendment

Count I of the Complaint asserts a claim for an unlawful taking in violation of the Takings Clause of the Fifth Amendment. The Takings Clause provides that "private property [shall not] be taken for public use, without just compensation." U.S. Const. amend. V. In determining whether an unconstitutional taking has occurred, the Court asks three questions: (1) was there a taking?; (2) was that taking for public use?; and (3) did the claimant receive just compensation. *Park Restoration, LLC v. Erie Ins. Exch. (In re Trustees of Conneaut Lake Park, Inc.)*, 855 F.3d 519, 525 (3d Cir. 2017). There is no dispute in this case that the driveway and rear access point to the DPW garage is a public use of property and that Plaintiff has not yet been justly compensated for any taking thereof. Instead, the Borough Defendants appear to argue that there has not been a taking at all or, even if there was a taking, Plaintiff has not suffered any damages because there is a

---

[1] The Borough Defendants reference certain exhibits attached to their Motion which they argue establish that the driveway was completed by January 16, 2020. These documents, however, are neither referenced in nor integral to the Complaint, are not public records, or undisputedly authentic documents on which Plaintiff's claims are based. As such, the Court does not consider them in ruling on the Motion.

statutorily prescribed process by which just compensation may ultimately be paid. Both arguments are unpersuasive.

First, the Complaint clearly and plausibly alleges an unconstitutional taking of Plaintiff's property. There is no dispute that Plaintiff owns the Willow Street Extension and that the Borough paved over a portion thereof in order to install a rear driveway and access point to its adjoining DPW garage. Plaintiff thus alleges the "paradigmatic taking" requiring just compensation: "direct government appropriation or physical invasion of private property." *Lingle v. Chevron U.S.A., Inc.*, 544 U.S. 528, 537 (2005). Although the Borough Defendants emphasize that the installation of the driveway resulted in neither the deprivation of "all economically viable uses of the property" nor a "diminution in present value of the property," these factors are simply irrelevant because any such physical invasion of property constitutes a "*per se* taking, without regard to other factors." *Horne v. Dep't of Agriculture*, 576 U.S. 350, 360 (2015). Indeed, "[w]hen the government physically takes possession of an interest in property . . . it has a categorical duty to compensate the former owner, regardless of whether the interest that is taken constitutes an entire parcel or merely a part thereof." *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 535 U.S. 302, 321 (2002).

Second, neither the precise measure of just compensation nor the availability of post-taking mechanisms for receiving such just compensation has any bearing on the question before the Court: whether Plaintiff has properly stated a claim for an unconstitutional taking in violation of the Fifth Amendment. On this point, the Supreme Court has recently made clear that "[t]he Fifth Amendment right to full compensation arises at the time of the taking, regardless of post-taking remedies that may be available to the property owner." *Knick v. Twp. of Scott*, 139 S. Ct. 2162, 2170 (2019). In other words, the statutorily prescribed process described by Plaintiff may set forth the appropriate procedures to constitutionally exercise the state's eminent domain power, but that is a limit on the state, it does not circumscribe Plaintiff's right, which rests upon the Fifth Amendment itself, to seek just compensation in federal court. *Id.* at 2170-71.

Accordingly, the Borough Defendants' Motion to dismiss Count I is **DENIED**.

### C. Count III – Violation of the Due Process Clause of the Fourteenth Amendment

Count III broadly alleges that Plaintiff's property was taken without notice or compensation in violation of the Due Process Clause of the Fourteenth Amendment. Although the Complaint itself is not clear whether this due process claim is procedural, substantive, or both, or whether the source of the violation was the Borough's initial taking of the property or the Council's subsequent resolution authorizing eminent domain

procedures with respect thereto, the parties limit their arguments to a substantive due process analysis of the initial taking. As such, the Court will evaluate only this limited claim and considers any other potentially available theories or claims waived. *See Millner v. Bayada Nurses, Inc.*, CIV. 05-3164, 2006 WL 231993, at *2 (D.N.J. Jan. 30, 2006) ("This Court is under no obligation to raise legal arguments overlooked or ignored by the parties.").

The Third Circuit has noted that "two very different threads make up the fabric of substantive due process: substantive due process relating to legislative action and substantive due process relating to non-legislative action." *Newark Cab. Ass'n v. City of Newark*, 901 F.3d 146, 155 (3d Cir. 2018). Where, as here, a substantive due process claim is premised on non-legislative action, a plaintiff must demonstrate that (1) it has "a property interest protected by the substantive due process clause"; and (2) "the government's deprivation of that protected interest shocks the conscience." *Joey's Auto Repair & Body Shop v. Fayette Cnty.*, 785 F. App'x 46, 49 (3d Cir. 2019).

Here, because this case involves an ownership interest in real property, it is clear that Plaintiff has a fundamental property interest protected by the substantive due process clause. *See Nicholas v. Penn. State Univ.*, 227 F.3d 133, 141 (3d Cir. 2000). The only question, therefore, is whether the Borough's actions sufficiently "shock the conscience" such that it violated Plaintiff's substantive due process rights. The Court concludes they do not.

"The 'shocks the conscience' standard encompasses only the most egregious official conduct." *Joey's Auto Repair*, 785 F. App'x at 50. Though the test is "not precise," it has generally been limited to allegations of "self-dealing, intentional interference with constitutionally protected activities, corruption, and intentional bias." *Umdasch Real Estate USA, Ltd. v. Borough of Wallington*, No. 2:20-cv-16346, 2021 WL 1050230, at *2 (D.N.J. Mar. 19, 2021) (citing *Eichenlaub v. Twp. of Indiana*, 385 F.3d 274, 285 (3d Cir. 2004)). Here, no such egregious conduct or motivations are alleged in the Complaint. To the extent Plaintiff argues that interference with its fundamental constitutional right to use and enjoy its property is sufficiently "egregious," the Third Circuit has already rejected this argument where, as here, no separately protected constitutional right is implicated by the government's conduct. *See Tucker Indus. Liquid Coatings, Inc. v. Borough of East Berlin*, 656 F. App'x 1, 6 (3d Cir. 2016) (rejecting argument that zoning ordinance which interfered with the use and enjoyment of property "shocked the conscience" in the absence of some other, separately protected constitutional right being implicated or targeted thereby).[2]

---

[2] Plaintiff is, of course, correct that it has a constitutionally protected right to be free from an unlawful taking of its real property. That right, however, rests upon the Takings Clause of the Fifth Amendment rather than a generalized notion of substantive due process. *See Fisher v. Pratt*, CV 19-273 (NLH/KMW), 2020 WL 773262, at *9 n.12 (D.N.J. Feb. 18, 2020) ("[W]here a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of 'substantive due

Accordingly, the Borough Defendants' Motion to dismiss Count III is **GRANTED**.

### D. Count 5 – Retaliation in Violation of the First Amendment

Count 5 of the Complaint alleges that the Borough retaliated against Plaintiff by pursuing condemnation of the paved area through eminent domain after negotiations ceased. To successfully plead a First Amendment retaliation claim, Plaintiff must allege: "that (1) [it] engaged in 'constitutionally protected conduct,' (2) the defendant engaged in 'retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights,' and (3) 'a causal link [existed] between the constitutionally protected conduct and the retaliatory action.'" *Baloga v. Pittston Area School District*, 927 F.3d 742, 752 (3d Cir. 2019).

Here, even if Plaintiff's rejection of the Borough Defendants' offers to resolve the dispute without litigation was protected speech under the First Amendment, Plaintiff has failed to sufficiently allege that passage of Resolution 146-2021 was a "retaliatory action" by the Borough Defendants. As the Borough Defendants point out, New Jersey law sets forth a detailed process that condemning authorities must follow before exercising their eminent domain power. *See* N.J.S.A. 20:3-6. The Complaint alleges that after more than a full year of unsuccessful negotiations regarding the possibility of an easement in the Borough's favor, the Borough Council passed the Resolution initiating the eminent domain process. To that end, the Resolution merely authorizes appropriate Borough officials to (1) begin pre-litigation functions related to Plaintiff's 12 Willow Street property; (2) conduct the necessary surveys and studies with respect thereto; and (3) engage in bona-fide negotiations to attempt to resolve the parties' dispute without the need for litigation as prescribed by New Jersey law. (Schepis Decl., Exhibit M.).[3] Simply put, without more, the Court will not infer an impermissibly retaliatory motive with respect to the Borough Defendants' exercise of a constitutionally reserved power exercised in accordance with statutorily prescribed procedures in order to resolve an ongoing property dispute. *See Albanian Associated Fund v. Twp. of Wayne*, Civ. A. 06-CV-3217PGS, 2007 WL 2904194, at *5 (D.N.J. Oct. 1, 2007) ("[A] reviewing court will not upset a municipality's decision to use its eminent domain power in the absence of an affirmative showing of fraud, bad faith or manifest abuse." (quoting *Twp. of W. Orange v. 769 Associates, L.L.C.*, 800 A.2d

---

process,' must be the guide for analyzing these claims." (quoting *Albright v. Oliver*, 510 U.S. 266, 273 (1994))).

[3] Though not attached to the Complaint, the Court finds that the Resolution is an undisputedly authentic document on which Plaintiff's First Amendment retaliation claim is based, and therefore may be properly considered in ruling on the Borough Defendants' Motion.

86, 90 (N.J. 2002))). To hold otherwise would render every attempt to provide a post-deprivation remedy to an unsatisfied property owner for an unlawful taking a violation of the First Amendment.

Accordingly, the Borough Defendants' Motion to dismiss Counts V is **GRANTED**.

### E.     Counts VII and IX: Ejectment and Conversion

Finally, the Borough Defendants seek dismissal of Plaintiff's state law claims for conversion and ejectment. In New Jersey, N.J.S.A. 2A:35-1 replaced the common law action of ejectment, providing a legal remedy to "[a]ny person claiming the right of possession of real property in the possession of another, or claiming title to such real property." N.J.S.A. 2A:35-1; *see J & M Land Co. v. First Union Nat'l Bank*, 166 N.J. 493, 520 (2001). Where, as here, the dispute between a "person claiming the right of possession of real property" or title thereto and a "person" in actual possession of such real property is one between a private landowner and the government, however, an ejectment claim appears indistinguishable from, and duplicative of, a takings claim. In other words, any dispute over title or possession of the Willow Street Extension, and any remedy associated therewith, that might be resolved through litigation of Plaintiff's ejectment claim will be subsumed within the litigation of the broader constitutional takings claim. *See Blake Gardens, LLC v. New Jersey*, 309 F. Supp. 3d 240, 248 (D.N.J. 2018) ("It is well-recognized that a court may dismiss a duplicative claim in a complaint." (quoting *Slimm v. Bank of Am. Corp.*, Civ. No. 12-5846, 2013 WL 1867035, at *22 (D.N.J. May 2, 2013))). Moreover, to the extent that plaintiff purports to challenge the propriety of the Resolution through the ejectment claim, our review of a municipality's decision to invoke its eminent domain power is limited to questions of "bad faith, fraud, or manifest abuse," none of which have been plausibly alleged. *See Albanian Associated Fund*, 2007 WL 2904194, at *5.[4]

The Court also finds that dismissal of Plaintiff's conversion claim is warranted. Under New Jersey law, the common law action of conversion is the "unauthorized assumption and exercise of the right of ownership over goods or personal chattels belonging to another, to the alteration of their condition or the exclusion of an owner's rights." *Capital Health Sys., Inc. v. Veznedaroglu*, 15-8288, 2017 WL 751855, at *10 (D.N.J. Feb. 27, 2017) (quoting *Ricketti v. Barry*, No. 13-6804, 2015 WL 1013547, at *8 (D.N.J. Mar. 9, 2015)). As such, "conversion only applies to tangible personal property." *FMHUB, LLC v. MuniPlatform, LLC*, CV 19-15595 (FLW), 2021 WL 1422873, at *9

---

[4] Of course, in a constitutional challenge to a government taking, the Court must also ensure that the property is being taken for "public use." U.S. Const. amend V. As noted, however, the parties do not dispute that the construction of a driveway and access point to the DPW garage constitutes a "public use" within the meaning of the Fifth Amendment's Takings Clause.

(D.N.J. Apr. 15, 2021). Here, because Plaintiff has alleged the invasion of an interest in real, not personal, property by the Borough, it has failed to allege a plausible conversion claim.

Accordingly, the Borough Defendants' Motion to dismiss Counts VII and IX is **GRANTED.**

### IV. CONCLUSION

For the reasons set forth above, Defendant's Motion is **GRANTED IN PART** and **DENIED IN PART**. An appropriate order follows.

                      /s/ William J. Martini
                  **WILLIAM J. MARTINI, U.S.D.J.**